IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| ANDREA L. ANDERSON | § | |
| | § | |
| | § | |
| V. | § | CASE NO. 4:12-CV-435 |
| | § | Judge Clark/Judge Mazzant |
| WELLS FARGO MORTGAGE BANK | § | |
| and BARRETT DAFFIN FRAPPIER | § | |
| TURNER AND ENGEL, LLP | § | |

**ORDER ADOPTING REPORT AND
<u>RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE</u>**

Came on for consideration the report of the United States Magistrate Judge in this action, this matter having been heretofore referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636. On October 15, 2012, the report of the Magistrate Judge was entered containing proposed findings of fact and recommendations that defendant Wells Fargo Bank, N.A.'s Motion to Dismiss [Doc. #10] be granted. On October 29, 2012, plaintiff filed an objection to the report [Doc. #17]. After the Magistrate Judge determined that the objection was not proper, plaintiff was allowed another opportunity to file a proper response to the motion to dismiss or to file proper objections to the Magistrate Judge's report [Doc. #18]. The Magistrate Judge allowed the additional opportunity based upon the fact that plaintiff was representing herself, but plaintiff was advised that she was required to follow the Federal Rules of Civil Procedure and the Local Rules. On December 4, 2012, plaintiff filed additional objections [Doc. #19]. On December 10, 2012, Wells Fargo filed a response [Doc. #20].

In her initial objections, plaintiff merely stated that she objected because she filed the lawsuit in order to reach "an amicable solution between the defendants and myself in order to retain

1

ownership of my home which we have owned for eleven years and now have considerable equity." Plaintiff requested that the case not be dismissed until a solution can be reached. The Magistrate Judge was correct in finding that this was not a proper objection.

In her newly filed objections, plaintiff asserts that she is opposed to dismissal because of the following two reasons: (1) she made numerous requests of Wells Fargo by mail and by fax for the most current reinstatement quote in order to facilitate the effective resolution of said account in whole in or part; and (2) she asserts that effective resolution of this matter cannot be reached without said reinstatement quote that has been subject to final verification by Wells Fargo.

Wells Fargo responds that plaintiff fails to set forth any factual allegations or recognized causes of actions against it and that plaintiff merely reiterates that she has requested, but not received, a reinstatement quote.

Although the court always encourages parties to resolve matters, this process requires both parties to desire such an outcome. Although plaintiff would like to resolve this matter, Wells Fargo does not appear to be interested in such an outcome. Plaintiff has alleged no facts that would support any claim against Wells Fargo. The Magistrate Judge has given plaintiff the opportunity to file an amended complaint to provide the court with additional facts that would allow the case to proceed past a Rule 12(b)(6) motion. Despite the opportunities, plaintiff has failed to provide the court with additional facts. Plaintiff also failed to file proper objections to the Magistrate Judge's report that recommends dismissal of her case with prejudice. The court has no facts before it that would demonstrate that plaintiff has any plausible claim against Wells Fargo.

Having received the report of the United States Magistrate Judge, and considering the objections thereto filed by plaintiff, this court is of the opinion that the findings and conclusions of

the Magistrate Judge are correct and adopts the Magistrate Judge's report as the findings and conclusions of the court.

It is, therefore, **ORDERED** that defendant Wells Fargo Bank, N.A.'s Motion to Dismiss [Doc. #10] is GRANTED and plaintiff's case is DISMISSED with prejudice.

All relief not previously granted is hereby DENIED.

The Clerk is directed to CLOSE this civil action.

So **ORDERED** and **SIGNED** this **11** day of **January, 2013.**

_____
Ron Clark, United States District Judge